18-1058-pr
*Wright v. Rensselaer County Jail*

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 20th day of June, two thousand nineteen.

PRESENT:    RALPH K. WINTER,
                      JOSÉ A. CABRANES
                      REENA RAGGI,
                                *Circuit Judges.*

---

JERRELL WRIGHT,

                    *Plaintiff-Appellant,*                                    18-1058-pr

                    v.

RENSSELAER COUNTY JAIL, RENSSELAER COUNTY,

                    *Defendants-Appellees,*

CORRECTIONAL MEDICAL CARE, INC., JANE DOE 2,
MEDICAL PROVIDER, JANE DOE 3, MEDICAL
PROVIDER, JANE DOE 4, MEDICAL PROVIDER, JANE
DOE 5, MEDICAL PROVIDER, JOHN DOE 1, JOHN
DOE 2, MEDICAL PROVIDER, JOHN DOE 3, MEDICAL

1

PROVIDER, JOHN DOE 4, MEDICAL PROVIDER, JOHN DOE 5, MEDICAL PROVIDER, OFFICER JOHN DOE 1, RENSSELAER COUNTY JAIL OFFICER, OFFICER JOHN DOE 2, RENSSELAER COUNTY JAIL OFFICER, OFFICER JOHN DOE 3, RENSSELAER COUNTY JAIL OFFICER, OFFICER JOHN DOE 4, RENSSELAER COUNTY JAIL OFFICER, OFFICER JOHN DOE 5, RENSSELAER COUNTY JAIL OFFICER, OFFICER JOHN DOE 6, RENSSELAER COUNTY JAIL OFFICER, OFFICER JOHN DOE 7, RENSSELAER COUNTY JAIL OFFICER, OFFICER JOHN DOE 8, RENSSELAER COUNTY JAIL OFFICER, JOHN DOE, UNITED STATES MARSHALS REPRESENTATIVE, JANE DOE 1, SAMARITAN MEDICAL PROVIDER, JANE DOE 2, SAMARITAN MEDICAL PROVIDER, JANE DOE 3, SAMARITAN MEDICAL PROVIDER, PARVEEN KHUSHID, DR. SAMARITAN HOSPITAL,

*Defendants.*

---

**FOR PLAINTIFF-APPELLANT:** Jerrell Wright, *pro se*, Fort Dix, NJ.

**FOR DEFENDANTS-APPELLEES:** William C. Firth, Bailey, Johnson & Peck, P.C., Albany, NY.

Appeal from a judgment of the United States District Court for the Northern District of New York (Thomas J. McAvoy, *Judge*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court entered on March 30, 2018, be and hereby is **AFFIRMED.**

Jerrell Wright, *pro se* and incarcerated, sued Rensselaer County, the Rensselaer County Jail ("RCJ"), and numerous unnamed individual officers and medical care providers, pursuant to 42 U.S.C. § 1983, *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971), the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b), 2671 *et seq.*, and the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq.*, in connection with his medical care and conditions of confinement at RCJ as a federal pretrial detainee in 2013. The District Court dismissed Wright's amended complaint

2

*sua sponte* pursuant to 28 U.S.C. §§ 1915(e) and 1915A, for failure to state a claim due to untimeliness. Wright appealed, arguing that the District Court erred by denying equitable tolling of the applicable limitations periods. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

Pursuant to 28 U.S.C. § 1915A, the "court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). Upon such review, the district court shall dismiss a prisoner complaint *sua sponte* if the complaint is "frivolous, malicious, or fails to state a claim upon which relief may be granted; or . . . seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b)(1), (2). We review a district court's *sua sponte* dismissal of a complaint pursuant to § 1915A *de novo. McEachin v. McGuinnis*, 357 F.3d 197, 200 (2d Cir. 2004). In addition, we afford a *pro se* litigant "special solicitude" by interpreting the *pro se* complaint "to raise the strongest claims that it suggests." *Hill v. Curcione*, 657 F.3d 116, 122 (2d Cir. 2011) (internal alterations and quotation marks omitted). "We must reverse a district court's dismissal pursuant to § 1915A whenever a liberal reading of the complaint gives any indication that a valid claim might be stated." *Larkin v. Savage*, 318 F.3d 138, 139 (2d Cir. 2003).

We also review *de novo* a district court's *sua sponte* § 1915(e)(2) dismissal. *Zaleski v. Burns*, 606 F.3d 51, 52 (2d Cir. 2010). Under § 1915(e)(2), the district court must dismiss a complaint filed *in forma pauperis* if the court determines that the action or appeal "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). To avoid dismissal, a complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (stating that although complaint allegations are assumed to be true, this tenet is "inapplicable to legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice").

While untimeliness is an affirmative defense, a district court can *sua sponte* dismiss untimely claims where the defense is apparent on the face of the complaint. *See Walters v. Indus. & Commercial Bank of China, Ltd.*, 651 F.3d 280, 293 (2d Cir. 2011) (holding that a court may raise statute of limitations *sua sponte* when facts supporting that defense "are set forth in the papers plaintiff himself submitted" (internal quotation marks omitted)).

Wright does not dispute that he filed his claims outside the applicable limitations periods.[1] Thus, the District Court properly considered whether he pleaded a sufficient basis for equitable tolling.

---

[1] Insofar as Wright contends that his rights actually began accruing in June 2015, when he obtained his medical records, this claim was neither raised nor ruled upon below and is not properly

3

Equitable tolling applies "only in rare and exceptional circumstances, where . . . extraordinary circumstances prevented a party from timely performing a required act, and . . . the party acted with reasonable diligence throughout the period he sought to toll." *Walker v. Jastremski*, 430 F.3d 560, 564 (2d Cir. 2005) (internal quotation marks and brackets omitted); *see also Zerilli-Edelglass v. N.Y.C. Transit Auth.*, 333 F.3d 74, 80–81 (2d Cir. 2003). To qualify for equitable tolling, a plaintiff must show that some extraordinary circumstance, such as fraudulent concealment, stood in the way of bringing suit and that he had been pursuing his rights diligently. *Ellul v. Congregation of Christian Bros.*, 774 F.3d 791, 801 (2d Cir. 2014).

Wright principally asserts three arguments in support of equitable tolling, each of which the District Court properly rejected. We review a district court's decision to deny equitable tolling for abuse of discretion. *Phillips v. Generations Family Health Ctr.*, 723 F.3d 144, 149 (2d Cir. 2013); *Zerilli-Edelglass*, 333 F.3d at 81.

### 1. Delay Obtaining Medical Records

Wright contends that the delay he experienced from March 2014 to June 2015 in obtaining his medical records was critical to his filing a meritorious claim. Wright's argument is without merit. Wright was aware of his injuries as well as the allegedly precipitating wrongdoing when injuries occurred between August and December 2013, more than a year prior to receiving his medical records. Wright fails to explain why he was unable to timely file his complaint before receipt of his medical records in June 2015, nor has he explained why the additional facts contained in the medical records were essential to pursue his claims for injuries sustained almost two years earlier. *See Walker*, 430 F.3d at 564 ("In order for 'extraordinary circumstances' to have prevented [plaintiff] from timely filing his complaint, the information he sought . . . must have been necessary for that complaint to have been legally sufficient.").

In short, because ample time remained for Wright timely to file his claims after receiving his medical records, he fails to establish a sufficient causal relationship between the extraordinary circumstances on which his claim for equitable tolling rests and the lateness of his filing. *See Abbas v. Dixon*, 480 F.3d 636, 642 (2d Cir. 2007) (noting that even if the plaintiff had been the victim of fraud, misrepresentation, or deception, he had "failed to show that any of those circumstances prevented him from timely filing his complaint"); *Hizbullahankhamon v. Walker*, 255 F.3d 65, 75 (2d Cir. 2001) (noting that causal relationship cannot be established if plaintiff, "acting with reasonable diligence, could have filed on time notwithstanding the extraordinary circumstances" (internal quotation marks

---

before us on appeal. *See Harrison v. Republic of Sudan*, 838 F.3d 86, 96 (2d Cir. 2016) (declining to consider argument raised for the first time on appeal).

omitted)). As the District Court explained, "[w]hen [Wright] received his medical records in June 2015, he had approximately two months in which to prepare his FTCA claim (which . . . complains only of his conditions of confinement at RCJ prior to becoming ill in August 2013) and more than one year in which to timely file suit on his Section 1983, *Bivens*, and ADA claims." *Wright v. Rensselaer County Jail*, 9:17-cv-00622-TJM-DJS, Dkt. No. 12 at 12.

In any event, Wright's conclusory allegations of intentional non-disclosure of his medical records do not plausibly allege fraudulent concealment, nor do they constitute the sort of "extraordinary circumstances" that warrant tolling. Wright was fully aware of his injury and the defendants' alleged wrongdoing before receiving his records. While the medical records may have strengthened Wright's case, their temporary absence does not sufficiently justify his decision not to pursue his cause of action so as to merit equitable tolling. *See Pearl v. City of Long Beach*, 296 F.3d 76, 84 (2d Cir. 2002) ("[W]e have made an important distinction between fraudulent concealment of the existence of a cause of action and fraudulent concealment of facts that, if known, would enhance a plaintiff's ability to prevail as to a cause of action of which the plaintiff was previously aware."). In sum, the District Court did not abuse its discretion in concluding that the delay in obtaining medical records failed to warrant the tolling of the limitations periods applicable to Wright's claims.

### 2. Court of Claims Action

Wright contends that his mistaken Court of Claims filing constitutes good cause for tolling the limitations periods. In that action, Wright asserted that the State of New York and others had acted negligently by failing adequately to maintain sanitary conditions at RCJ. Again, Wright's tolling argument is flawed. A prior deficient filing may have a tolling effect in limited circumstances, "[o]nly where there is complete identity of the causes of action." *Johnson v. Ry. Express Agency, Inc.*, 421 U.S. 454, 467 n.14 (1975). Here, Wright himself admits that the claims in his federal action are not identical to the claims filed in the New York Court of Claims. In the Court of Claims action, Wright alleged only that RCJ's failure to maintain sanitary conditions through August 18, 2013 caused his infection. Moreover, Wright's mistaken understanding of how to proceed with his claim does not constitute an extraordinary circumstance that supports equitable tolling. *See Jenkins v. Greene*, 630 F.3d 298, 305 (2d Cir. 2010) ("[A] mistaken belief [about the law] is not a basis for equitable tolling."). Thus, the District Court was well within its discretion to deny tolling based on Wright's mistaken filing in the Court of Claims.

### 3. FTCA Claim

Wright's argument in support of equitable tolling of his FTCA claim is similarly unavailing. Wright does not clearly articulate his basis for this argument. He acknowledges that his FTCA administrative claim was not timely filed within the two-year statute of limitations period. *See* 28 U.S.C. § 2401(b); *Phillips*, 723 F.3d at 147. Yet he appears to argue that his FTCA claim should be equitably

5

tolled because he timely filed a subsequent federal action within six months of his administrative claim being denied. *See* 28 U.S.C. § 2401(b); *Phillips*, 723 F.3d at 147. We find no error in the District Court's reasoning that "because [Wright's] FTCA claim was not timely filed within the two year limitations period, that claim is time-barred notwithstanding the fact that he filed this action within the second governing time period." *Wright v. Rensselaer County Jail*, 9:17-cv-00622-TJM-DJS, Dkt. No. 12 at 14. Thus, the District Court was again within its discretion to find Wright's FTCA claim untimely absent the necessary showing of extraordinary circumstances.

## CONCLUSION

The District Court's *sua sponte* dismissal of Wright's untimely claims was proper. We have reviewed all of the remaining arguments raised by Wright on appeal and find them to be without merit. For the foregoing reasons, we **AFFIRM** the March 30, 2018 judgment of the District Court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

6